```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROSEMARY IDA MERGENTHALER, MARC TRUONG,
and RUEDIGER ALBRECHT,

                Appellants,                 MEMORANDUM & ORDER
                                            19-CV-4279(JS)

        -against-

R. KENNETH BARNARD and
UNITED STATES TRUSTEE,

                Appellees.
----------------------------------------X
```
SEYBERT, District Judge:

Appellants Rosemary Ida Mergenthaler, Marc Truong, and Ruediger Albrecht appeal from three orders issued by Judge Robert E. Grossman in Mergenthaler's Chapter 7 bankruptcy proceeding, which was commenced on May 11, 2015. (See In re Mergenthaler, Bankr. Docket No. 15-72040.) The Trustee has fully administered Mergenthaler's estate and filed a Final Account and related applications for compensation. (Bankr. D.E. 327.) Appellants filed various motions and objections in response. Judge Grossman held a hearing on the motions at issue on July 15, 2019, and all Appellants failed to appear.

Appellants seek review of orders (1) approving the Trustee's final report and granting applications for allowance of compensation, commissions, and reimbursement of expenses (Bankr. D.E. 345); (2) denying a motion "to Authorize an Order Disregarding Trustee Barnard's Final Report but Directing him to Pay out of the

Estate Assets $575,000.00 Plus 10% Interest Per Annum as of May 11, 2015 to Plaintiff Marc Truong, and All Other Appropriate Relief" (Bankr. D.E. 346); and (3) denying a motion for an "Order Disregarding Trustee Barnard's Final Report And Directing Debtor Rosemary Ida Mergenthaler And/Or Her Chapter 7 Trustee To Pay Out Of Her Estate Assets $600,000.00 To Creditor Ruediger Albrecht" (Bankr. D.E. 347).

Mergenthaler and her husband are well known to Judge Grossman and this Court.[1] On September 21, 2016, this Court barred her from "filing any additional cases, motions, or appeals" regarding the assets in her bankruptcy estate without obtaining written permission from this Court. (Mergenthaler v. Barnard, Docket No. 15-CV-5078, D.E. 34, at 5.)[2] Mergenthaler is on notice

---

[1] The actions filed by the Mergenthalers bear the following case numbers: 15-CV-2031, 15-CV-2032, 15-CV-2033, 15-CV-2034, 15-CV-5078, 15-CV-7301, 16-CV-1113, 16-CV-2466, 16-CV-4390, and 17-CV-0615.

[2] The Court's reasoning for the September 21, 2016 filing injunction remains applicable here: "The record before the Court shows that the Mergenthalers have filed numerous vexatious cases in this Court in an effort to delay the sale of her Property. The Mergenthalers have filed ten similar bankruptcy appeals before this Court, none which have been meritorious. In addition, the Mergenthalers have a history of filing meritless motions in bankruptcy court and were barred from filing further motions in that court without permission from Judge Grossman. Finally, when the undersigned temporarily barred Rosemary Mergenthaler from filing any additional bankruptcy appeals pending a hearing, she nevertheless filed an appeal days later, and then did not attend the hearing to discuss [the] Order to Show Cause." (15-CV-5078, D.E. 34, at 4.)

that she must comply with the filing injunction. (See <u>Mergenthaler v. Barnard</u>, Docket No. 17-CV-0615, Feb. 23, 2017 Elec. Order (referencing Sept. 21, 2016 injunction and denying leave to file unsigned Order to Show Cause and denying leave to file appeal).)

Furthermore, Judge Grossman issued a filing injunction in the bankruptcy case on May 5, 2016, finding that Mergenthaler "is a vexatious litigant . . . and . . . has purposely filed frivolous and vexatious motions and proceedings." (Bankr. D.E. 165 at 2.) Additionally, as to Truong, on February 22, 2016, Chief Judge Dora L. Irizarry "enjoined [him] from commencing any further actions in the Eastern District of New York absent permission from this Court. . . . [and] further enjoined [him] from intervening in any bankruptcy proceeding in the Eastern District of New York, including Rosemary Mergenthaler's bankruptcy case, absent permission of the presiding United States Bankruptcy Judge." (Bankr. D.E. 333-1 at 6.)

Neither Mergenthaler or Truong[3] have obtained the requisite permission required under these prior orders for this

---

[3] As to Albrecht, who is a friend of Mergenthaler and was a creditor in her Chapter 7 proceeding (see 17-CV-0592, D.E. 14, at 1-2), the Court finds that the appeal from Judge Grossman's order denying his motion to "disregard" the Trustee's Final Report (which closely mirrored Mergenthaler's and Truong's filings below) is similarly without merit. In any event, his motion below was not timely served in accordance with Federal Rule of Bankruptcy Procedure 2002(a) and Local Rule 9006-1(a), and he did not appear for the scheduled hearing before Judge Grossman.

3

appeal. Nor did they obtain permission from Judge Grossman to file the motions underlying the orders from which they seek to appeal. Notwithstanding their failure to do so, this Court has reviewed the documents and determined that the appeal from each of Judge Grossman's orders is without merit. Thus, the appeal is DISMISSED WITH PREJUDICE in its entirety. Given Appellants' pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to mail a copy of this Order to the pro se Appellants and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July __31__, 2019
       Central Islip, New York